IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERCY FAVORS | : | CIVIL ACTION |
| v. | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al. | : | NO. 10-887 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                                                     September 21, 2010
Chief United States Magistrate Judge

  Presently before the court is a <u>pro se</u> petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the State Correctional Institution at Rockview in Bellefonte, Pennsylvania. For the reasons set forth below, this court recommends that the habeas petition be transferred to the Middle District of Pennsylvania.

**I. BACKGROUND**

  On March 1, 1978, Judge Levy Anderson, sitting in the Court of Common Pleas of Philadelphia County, Pennsylvania, sentenced petitioner to a term of thirteen to thirty years imprisonment (the "1978 Sentence").[1] <u>See</u> Cmmw. of Pa. – Court Commitment dated Mar. 1, 1978 (Resp. Ex. A.) ("1978 Court Commitment"). On April 18, 1979, petitioner plead guilty to attempted murder. The next day, Judge Louis D. Stefan, sitting in the Court of Common Pleas of Montgomery County, Pennsylvania, sentenced petitioner to a term of three to ten years imprisonment to be served consecutive to existing sentences (the "1979 Sentence"). <u>See</u> Cmmw.

---

1 Petitioner was convicted of the following offenses: burglary, conspiracy to commit burglary. <u>See</u> 1978 Court Commitment. Petitioner was sentenced to eight to twenty years for burglary and five to ten years for criminal conspiracy and possessing an instrument of crime. <u>See</u> 1979 Court Commitment.

of Pa. – Court Commitment dated Apr. 19, 1979 (Resp. Ex. B) ("1979 Court Commitment"). The 1978 Sentence and 1979 Sentence aggregated to a total sentence of sixteen to forty years imprisonment.

After the 1979 Sentence was imposed, the Pennsylvania Department of Corrections ("DOC") failed to aggregate the 1978 Sentence and the 1979 Sentence to arrive at accurate minimum and maximum dates for petitioner's sixteen to forty year aggregate sentences. As a result, the Pennsylvania Board of Probation and Parole (the "Board") paroled petitioner on December 13, 1992 on the 1978 Sentence. See Order to Recommit (Resp. Ex. C). Petitioner was recommitted in 2005 due to new criminal charges and was sentenced on those charges on October 26, 2007 to twenty-five to fifty years imprisonment (the "2007 Sentence").[2] See Order to Recommit and Sentence Status Summary (Resp. Exs. C and E). After the 2007 Sentence was imposed, the failure to aggregate the 1978 Sentence and the 1979 Sentence was discovered. On October 29, 2008, the DOC recomputed the aggregated sixteen to forty year sentence on the 1978 Sentence and the 1979 Sentence. Id. On the same day, the Board rescinded its prior orders regarding petitioner's release. (Resp. Ex. F.)

Petitioner received notification of the change in calculation some time after October 29, 2008, the date of the Board's decision, and before December 4, 2008, the date on which the Commonwealth of Pennsylvania's Office of General Counsel received a letter from petitioner seeking administrative relief from the Board's October 29, 2008 decision. Id. Petitioner filed a petition for a writ of mandamus with the Commonwealth Court of Pennsylvania on February 20, 2009. See Cmmw. Court Docket Sheet, No. 88 MD 2009 (Resp.

---

[2] Petitioner was convicted of the following offenses: rape by forcible compulsion, sexual assault. See Sentence Status Summary (Resp. Ex. E).

Ex. G). Petitioner filed an amended/supplemental petition, which the court struck as a piecemeal filing without prejudice to petitioner to file a completed amended petition with thirty days of the court's order. See Order dated Mar. 25, 2009 (Resp. Ex. H). By Order dated March 26, 2009, the Commonwealth Court of Pennsylvania granted the respondents' preliminary objections and ordered petitioner to file an amended petition within thirty days from the date of that order. See Order dated Mar. 26, 2009 (Resp. Ex. H). Finally, by order dated May 5, 2009, the Commonwealth Court dismissed petitioner's mandamus petition finding that petitioner had failed to comply with its March 26, 2009 order. See Order dated May 5, 2009 (Resp. Ex. H). Petitioner appealed the Commonwealth Court's dismissal to the Pennsylvania Supreme Court; the appeal was denied on August 13, 2009. See Supreme Court of Pa. Docket, No. 101 EM 2009 (Resp. Ex. I).

The present petition was filed on February 22, 2010. In the instant petition for a writ of habeas corpus, petitioner first argues that the DOC's decision to recompute and correctly aggregate the 1978 Sentence and the 1979 Sentence subsequent to the 2007 Sentence violated petitioner's due process rights because petitioner was denied notice, hearing, and counsel in this matter. (Petr.'s Mem. of Law at 1-2.) Petitioner also raises a double jeopardy claim and argues that when he was released from custody and remained at liberty, he "had a legitimate expectation of finality on the detainer sentence." Id. at 2-3 (emphasis omitted). In addition, petitioner urges that the decision to aggregate the 1978 Sentence and the 1979 Sentence violated the prohibition against cruel and unusual punishment under the Eighth Amendment. Id. at 2-3. Petitioner asks that the court revoke the recision order and deem the 1979 Sentence expired on December 13, 2002. Id. at 3. Petitioner does not challenge the original convictions.

The DOC responded on behalf of the Respondents. Respondents contend,

3

alternatively, that the petition should be transferred to the Middle District of Pennsylvania where petitioner is housed, dismissed as untimely, dismissed for failure to exhaust state court remedies, and/or denied on the merits. (Resp. at 2-8.)

## II. DISCUSSION

This court will recommend herein that the habeas petition be transferred to the Middle District of Pennsylvania. Under 28 U.S.C. § 2241(d), petitioner may bring his application for a writ of habeas corpus "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." This statute gives the district court wherein an application is filed the discretion, in the furtherance of justice, to transfer the application to the other district court for hearing and determination. Id.

The instant petition should be transferred to the Middle District of Pennsylvania. Petitioner is presently incarcerated at SCI-Rockview in Bellefonte, Pennsylvania. SCI-Rockview is located in Centre County which lies within the Middle District of Pennsylvania. See 28 U.S.C. § 118; Harris v. Pennsylvania Board of Probation and Parole, 2009 WL 3151191, at *1-2 (E.D. Pa. Sept. 28, 2009) (Report & Recommendation approved and adopted by Order dated Sept. 25, 2009). Hence, petitioner and his custodian are located in the Middle District of Pennsylvania.

Although petitioner was convicted by state courts within the Eastern District of Pennsylvania, petitioner is not challenging the lawfulness of the underlying convictions. See Petn.; Petr.'s Mem. of Law at 1-3. Rather, petitioner is challenging the actions of DOC and the Board regarding the calculation and aggregation of his sentences, and the recision of his release.

Id. The administrative office of the Department of Corrections is located in Camp Hill, Cumberland County, Pennsylvania, which is in the Middle District of Pennsylvania. See www.cor.state.pa.us; 28 U.S.C. § 118. The executive office of the Board is located in Harrisburg, Dauphin County, Pennsylvania, which also is in the Middle District of Pennsylvania. See www.pappc.org; 28 U.S.C. § 118. Under the circumstances of this case, it would be in the convenience of the parties and the witnesses to transfer petitioner's habeas petition to the Middle District of Pennsylvania where he, his custodian, the DOC, and the Board are located. See Dockins v. Pa. Bd. of Probation & Parole, 2004 WL 2406691, at *1 (E.D. Pa. Oct. 26, 2004) (where habeas petitioner challenged actions of Parole Board and not his underlying convictions, court transferred case to Middle District since that is where petitioner and his custodian are located); Harris, 2009 WL 3151191, at *1 (same). See also 28 U.S.C. § 1404(a) ("[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"); In re Nwanze, 242 F.3d 521, 526 n. 2 (3d Cir. 2001) (noting that § 1404(a) applies to transfers of habeas corpus petitions).

### III. CONCLUSION

Accordingly, the court makes the following:

### R E C O M M E N D A T I O N

AND NOW, this 21st day of September, 2010, the court respectfully recommends that the petition for a writ of habeas corpus is **TRANSFERRED** to the Middle District of Pennsylvania. The court further recommends that no certificate of appealability be issued.[3]

---

3  The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S.

Petitioner may file objections to this Report and Recommendation. <u>See</u> Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

<u>/s/  Thomas J. Rueter            </u>
THOMAS J. RUETER
Chief United States Magistrate Judge

---

322, 336 (2003).